UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 8:14-cr-360-T-33TBM

SHADAE COTTON, ET AL.
_____/

## ORDER

This matter comes before the Court upon consideration of Defendant Shadae Cotton's Motion for Severance (Doc. # 86), filed on November 28, 2014. The Government filed a response in opposition to the Motion on December 10, 2014. (Doc. # 93). For the reasons that follow, the Court denies the Motion.

## I.  Background

On August 26, 2014, a grand jury returned a multi-count indictment against Cotton, along with six other individuals. (See Doc. # 1). According to the indictment, between October of 2011, and March of 2014, Defendants participated in a conspiracy to obtain actual names and social security numbers of deceased individuals and use this information to file false and fraudulent income tax returns. (Id.). The indictment further provides that refunds received by filing these individual tax returns were then electronically deposited in accounts controlled by Defendants. (Id.).

Cotton filed the present Motion on November 28, 2014, contending that "[e]ven though Fed. R. Crim. P. 8 allowed the joinder of the alleged offenses and defendants in the original indictment, subsequent developments in the case have rendered the joinder of these offenses and defendants so prejudicial to Defendant Cotton that severance should be granted pursuant to Fed. R. Crim P. 14(a)." (See Doc. # 86).

## II.   Analysis

In the present Motion, Cotton asserts that "[d]uring the review of discovery provided in this case, the evidence against Ms. Cotton's co-defendants appears overwhelming." (Id. at 2). Specifically, according to Cotton, "[a]t least two of the co-defendants have made admissions regarding the offenses and the government has provided recordings of two co-defendants discussing the scheme." (Id.). "While Defendant Cotton did not participate in these calls, [Cotton admits that] she did assist one of the defendants, Mikeil Royal . . . in making the calls while he was incarcerated." (Id.).

Cotton's counsel suggests that she will be asserting Cotton's actual innocence at trial. (Id.). In doing so, Cotton's counsel will attempt to show that Cotton, in fact, has been the victim of identity theft herself, "as her

2

personal information was used by Mikeil Royal and others to file fraudulent returns and open online bank accounts for the deposit of the monies obtained by these unlawful activities." (Id. at 2-3).

Additionally, Cotton's counsel contends that she has spoken with the other Defendants' co-counsel and "believes that the co-defendants would, after pleading guilty to the offenses or being immunized from further prosecution, testify that Defendant Cotton was not a part of the conspiracy and that her information was obtained for use without her knowledge." (Id. at 3). Therefore, Cotton argues that this case is not one of "simple manipulation." (Id. at 4). Rather, "Defendant Cotton is an actual victim of the instant scheme charged in the indictment. It also appears that certain of her co-defendants would admit this assertion to be true if they were not jointly tried with her." (Id. at 4)(citing United States v. Browne, 505 F.3d 1229, 1268-71 (11th Cir. 2007)).

An indictment may charge two or more defendants together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b).

3

If the joinder of such defendants in an indictment "appears to prejudice a defendant," "the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). However, the Court notes that "there is a preference in the federal system for joint trials of defendants who are indicted together," since such "[j]oint trials play a vital role in the criminal justice system." <u>Zafiro v. United States</u>, 506 U.S. 534, 537 (1993)(internal quotation omitted).

"In deciding a severance motion, a district court must balance the right of the defendant to a fair trial against the public's interest in efficient and economic administration of justice." <u>United States v. Baker</u>, 432 F.3d 1189, 1236 (11th Cir. 2005) (internal citations and quotations omitted). Furthermore, a court should grant severance "only when the defendant can demonstrate that a joint trial will result in specific and compelling prejudice to the conduct of his or her defense, resulting in fundamental unfairness." <u>Id.</u> (internal quotation omitted).

To warrant severance on improper joinder grounds, a defendant must initially show "(1) a bona fide need for the testimony; (2) the substance of the desired testimony; (3)

4

the exculpatory nature and effect of the desired testimony;
and (4) that the codefendant would indeed have testified at
a separate trial." United States v. Cobb, 185 F.3d 1193, 1197
(11th Cir. 1983)(internal quotation omitted). Once that
threshold showing has been made, the court must then (1)
assess the significance of the alleged exculpatory evidence,
(2) gauge the potential prejudice that might result from the
absence of that testimony, (3) heed the concern for judicial
economy, and (4) give weight to the timeliness of the motion.
See Id. "Statements concerning the testimony that would
become available by severing trials must be specific and
exonerative, rather than conclusory or self-serving, in order
to justify severance." Baker, 432 F.3d 1189, 1240 (11th Cir.
2005)(internal quotation omitted).

To the extent Cotton seeks severance in order to obtain
exculpatory testimony from her co-defendants, this Court
declines Cotton's request. (See Doc. # 86 at 5). Even if
Cotton satisfied her initial burden, her statement alone that
"Defendant Cotton is an actual victim of the instant scheme
charged in the indictment [and] that certain of her co-
defendants would admit this assertion to be truth if they
were not jointly tried with her," (Id. at 4-5) fails to

demonstrate that a joint trial would result in specific and compelling prejudice to Cotton's defense. In fact, Cotton's statement is little more than a bare conclusory assertion devoid of any support necessary to suggest severance is warranted and overcome "strong circuit precedent favoring joint trials." United States v. Smith, 918 F.2d 1551, 1561 (11th Cir. 1990).

Furthermore, as pointed out by the Government, Cotton has failed to specify "who she might call to testify to present such evidence of her being a victim of identity theft or whether that co-defendant would definitively testify on her behalf." (Doc. # 93 at 5). In addition, the Government states:

> [t]here is no rendition of what evidence any one or more of these supposed co-defendants might have on the issue and whether any of their testimony would even be admissible. [Cotton] has also failed to show how she would be unable to establish much of this theory through her own testimony or through other evidence or the testimony of other persons.

(Id.).

As Cotton has failed to specify which co-defendants' testimony would exonerate her and adequately provide the substance of such testimony, the exculpatory nature and effect of the testimony, or whether the unnamed co-defendants

6

would testify if a severance was granted, Cotton has failed to show that joinder with her co-defendants would unduly prejudice her. Thus, Cotton's Motion is denied.

The Court notes, however, that, if necessary, the Court can provide an appropriate cautionary instruction directing the jury to consider and evaluate the participation of each Defendant in isolation, thus precluding the possibility of "spillover effect." See Smith, 918 F.2d at 1561 (finding that the district court did not abuse its discretion in denying the defendant's severance motion as the court presented the jury with an appropriate cautionary instruction regarding their evaluation of the involvement of each defendant).

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Defendant Shadae Cotton's Motion for Severance (Doc. # 86) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of December, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record