UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                     Case No. 8:14-cr-360-T-33TBM

SHADAE COTTON, ET AL.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Shadae Cotton's Motion in Limine to Prevent Suggestive In-Court Identification (Doc. # 87), filed on November 28, 2014. The Government filed a response in opposition to the Motion on December 10, 2014. (Doc. # 94). For the reasons that follow, the Court denies the Motion without prejudice.

**I.   Background**

On August 26, 2014, a grand jury returned a multi-count indictment against Cotton, along with six other individuals. (See Doc. # 1). According to the indictment, between October of 2011, and March of 2014, Defendants participated in a conspiracy to obtain actual names and social security numbers of deceased individuals and use this information to file false and fraudulent income tax returns. (Id.). The indictment further provides that refunds received by filing these

individual tax returns were then electronically deposited in accounts controlled by Defendants. (Id.).

Cotton filed the present Motion on November 28, 2014, seeking suppression "of all identification testimony by Fidelity Investment employee (A446715) on the grounds that any testimony provided by this employee is impermissibly tainted by his/her review of a driver's license photo of [Cotton]." (See Doc. # 87).

## II. Analysis

According to Cotton:

After Defendant Cotton's arraignment, the presiding magistrate judge entered his standard discovery order on October 8, 2014[,] requiring the government to state whether the Defendant had been identified in any line-up, show-up, photo spread, or other similar identification procedure and to produce the photographs utilized or resulting within ten days of the Order. On October 22, 2014, the United States provided counsel with a letter stating that it was aware of the limited use of this technique and invited counsel to contact the case agent to review any photographs that law enforcement used in this technique. [Cotton's counsel] also received a photocopy purporting to be a copy of Defendant Cotton's Florida Identification card provided by Fidelity Employee #A446715 as part of Fidelity's grand jury production. The copy is illegible and no image is visible. There are handwritten notes identifying information allegedly contained on the identification card. It appears to have become part of Fidelity's file on

> February 19, 2013; however, it is unclear why it became a part of the file at that time. The case agent provided a memorandum of interview of another Fidelity employee who stated the items documented a visit to a Fidelity branch. When queried by [Cotton's counsel], the case agent indicated that he had not provided any photographs to anyone as part of a photographic line-up of the defendant but might do so in the future should his investigation require it. He further indicated this was the best copy he had.

(Doc. # 87 at 1-2)(internal quotation omitted).

Cotton's present Motion seeks to "suppress any photographic line-up in existence, any out-of-court identification, or later in-court identification by Fidelity employee #A446715 based on a viewing of this identification card or the written information noted beside it if government agents provided the document and to prevent its use in the future by government agents to bolster later testimony." (Id. at 2-3).

According to Cotton, "if government agents provided the documents to Fidelity employee #A446715 thus causing her identification of [Cotton], this was impermissibly suggestive and all identifications flowing from it should be suppressed pre-trial." (Id. at 4). "While [Cotton's counsel] has no basis to doubt the case agent's good faith, she does seek an order

from this Court preventing government agents from attempting to bolster any later identification by this witness even if [the agents] were not initially involved in providing the document in question." (Id.).

In response to the present Motion, the Government avers that "no member of law enforcement has been involved in any way in obtaining an out-of-court identification of [Cotton] by this witness." (Doc. # 94 at 2). In fact, the Government argues that "[t]he employee in question appears to have dealt with [Cotton] in 2013 and obtained her photographic identification documents from [Cotton] directly while dealing with her. No law enforcement agents were present at the time or involved in that encounter." (Id. at 2-3). Therefore, the Government provides that "no 'state action' occurred [and no] suggestive out-of-court identification procedure of any sort, public or private, took place." (Id. at 3)(citing United States v. Elliot, 732 F.3d 1307, 1310 (11th Cir. 2013)).

As correctly stated by Cotton, in Perry v. New Hampshire, 132 S. Ct. 716, 720 (2012), the Supreme Court recognized that the reliability of relevant testimony is generally the province of the jury to determine but where an identification has been "infected by improper police influence . . . the

4

trial judge must screen the evidence for reliability pretrial." Instead of mandating a *per se* exclusionary rule, however, the Perry Court determined that the "due process clause requires courts to assess, on a case-by-case basis, whether improper police conduct created a substantial likelihood of misidentification." Id. at 724-25 (citation omitted). "Where the indicators of a witness' ability to make an accurate identification are outweighed by the corrupting effect of law enforcement suggestion, the identification should be suppressed." Id. (internal quotation omitted). Otherwise, the evidence (if admissible in all other respects) should be submitted to the jury. Id.

Upon a totality of the circumstances analysis, the Court finds that – at this juncture – Cotton has failed to demonstrate a "substantial likelihood of misidentification" by the alleged improper police conduct. Due to the vague and unspecific nature of Cotton's Motion, this Court cannot engage in the necessary evaluation in order to determine whether it should suppress "any photographic line-up in existence, any out-of-court identification, or later in-court identification by Fidelity employee #A446715 . . . and to prevent its use in the future by government agents to bolster

5

later testimony." (See Doc. # 87 at 2-3). Specifically, at this time, the limited information provided by Cotton surrounding the Fidelity employee's identification does not illustrate that "state action" occurred and, if it did, that it rises to an impermissibly suggestive level.

As a result, this issue will come before the Court at trial upon proper objections by Cotton's counsel when, if at all, the Government attempts to use such identification to support its case. The Court also notes that Cotton will have the opportunity to cross-examine any witnesses regarding their identification of Cotton. For the reasons articulated above, Cotton's Motion in Limine is denied without prejudice, and Cotton may address this issue at trial, if appropriate.

Cotton further seeks an Order requiring counsel for the Government "to provide the identity of Fidelity employee #A446715 at least fourteen days prior to trial if he intends to call this person as a witness at trial and seek to have the witness identify [Cotton.]." (Doc. # 87 at 4). Cotton suggests that this would enable Cotton's counsel to speak with the witness and obtain information pertinent to the identification. (Id.). However, the Court finds that the present Motion in Limine is the improper vehicle for such

6

request. Therefore, the Court will withhold its ruling on that matter until an appropriate Motion is filed seeking such relief.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Defendant Shadae Cotton's Motion in Limine to Prevent Suggestive In-Court Identification (Doc. # 87) is **DENIED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of December, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

7