UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   Case No. 8:14-cr-360-T-33TBM

SHADAE COTTON

_____/

**ORDER**

This matter is before the Court on Defendant Shadae Cotton's construed Motion for the Postponement of Restitution (Doc. # 226), filed on June 28, 2016. The Government responded in opposition on July 12, 2016. (Doc. # 229). For the reasons that follow, the Motion is denied.

**Discussion**

On May 4, 2015, after Cotton pled guilty to one count of conspiracy to commit theft of government property and aggravated identity theft and one count of theft of government funds, the Court sentenced Cotton to 21 months' imprisonment. (Doc. # 214). In addition, the Court ordered Cotton to pay a $200.00 special assessment and $618,068.18 in restitution. (Id. at 4). Cotton was ordered to pay the special assessment in full immediately upon entry of the Judgment. (Id. at 5).

As to the payment of restitution, the Court directed that, while in the custody of the Bureau of Prisons, Cotton

"shall either (1) pay at least $25 quarterly if working non-Unicor or (2) pay at least 50 percent of [her] monthly earnings if working in a Unicor position." (Id.). Thus, because Cotton is working a non-Unicor position, she is required to pay $25.00 per quarter toward her restitution. (Doc. # 229 at 2). But, to date, Cotton has only paid $50.00 toward her special assessment and has not begun payments toward her restitution. (Id.).

On June 28, 2016, the Court received correspondence from Cotton, which the Court construed as a Motion for Postponement of Restitution. (Doc. # 226). In the construed Motion, Cotton states she is "not in any financial position to pay [her] restitution as noted." (Id.). Cotton also expressed concerns that "[t]he penalties and interst [sic] rate continues to accumulate making it virtually impossible for [Cotton] to meet [her] financial obligations at this time." (Id.). Because of these concerns, Cotton requested that she be relieved of the obligation to make payments toward her restitution until she is released from custody and gainfully employed. (Id.).

First, to the extent Cotton is concerned about accrued interest, the Court previously waived the interest requirement for the restitution based on Cotton's inability

to pay. (Doc. # 214 at 5). In other words, no interest has accrued on Cotton's restitution obligation and Cotton need not be concerned about interest accruing for delinquent payments.

Second, from the Government's response, it appears Cotton may not have intended to request that the Court postpone her obligation to pay restitution, but rather that she be permitted to continue paying $25.00 per quarter while in Bureau of Prisons custody. (Doc. # 229 at ¶ 4). With respect to the latter request, the Government advised that "[s]o long as [Cotton] is incarcerated and her financial situation does not change, the United States does not seek to increase her restitution payments beyond those previously ordered by the Court. . . ." (Id.). At the present time, the Court sees no reason to disturb Cotton's current restitution payment schedule and Cotton shall make payments toward her restitution obligation as previously ordered. See (Doc. # 214 at ¶ 5).

Finally, to the extent Cotton seeks to modify her payment schedule, the Court finds that there is no material change in her economic circumstances that would warrant such modification. See Cani v. United States, 331 F.3d 1210, 1215 (11th Cir. 2003) (requiring a *bona fide* change in defendant's

financial condition to modify a restitution order). At the time of sentencing, the Court was aware Cotton had minimal assets and her income would be limited. Further, Cotton's spending habits while in prison counsel against modifying the restitution payment schedule. During the last five months, Cotton "has spent approximately $756.14 on commissary purchases, $314.89 for telephone use, and $102.65 for email access." (Doc. # 229 at 5). The Court sees no reason why Cotton cannot pay $25.00 per quarter toward restitution.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Shadae Cotton's construed Motion for the Postponement of Restitution (Doc. # 226) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 13th day of July, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE